UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFT L. THOMPSON,<br><br>            Petitioner,<br><br>     v.<br><br>L. BIRD,<br><br>            Respondent. | No.  2:22-cv-1196 TLN DB P<br><br><br><br>ORDER |

    Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to a court order, respondent provided the court with a copy of the transcript of the <u>Marsden</u> hearing held in state court.  (ECF Nos. 18, 19.)  Respondent's counsel states that because the transcript was sealed by the state court, and appears to remain under a sealing order, he feels compelled to seek to file it in this court under seal.  Respondent's counsel states, however, that he believes it should be a matter of public record.

    As this court noted previously, significant information from the <u>Marsden</u> hearing has been made public through both parties' appellate briefs and through the Court of Appeal's decision.  (<u>See</u> AOB, ECF No. 13-5 at 27-28; RB, ECF No. 13-6 at 26-32; ARB No. 13-7 at 13-15; Ap. Ct. Opinion, ECF No. 13-8 at 3.)  In fact, respondent quoted extensively from the transcript in their

////

////

1

brief on appeal. (ECF No. 13-6 at 26-32.[1]) Petitioner also cited to the transcript in his petition filed here by attaching his briefs on appeal. (See ECF No. 1 at 20-21.) Whether or not the transcript of the Marsden hearing is technically sealed, it has not been treated by the parties or the state appellate court as such. It therefore seems appropriate to file the transcript on the public docket.

Public access to the Marsden transcript is bolstered by case law establishing that a petitioner who raises ineffective assistance of counsel claims waives the attorney/client privilege for information necessary to litigate those claims. Bittaker v. Woodford, 331 F.3d 715, 722 (9th Cir. 2003). As described above, both parties and the Court of Appeal have considered the Marsden proceedings relevant to petitioner's ineffective assistance of counsel claims. This court does as well.

For these reasons, this court is leaning toward ordering the transcript of the Marsden hearing filed on the public docket. However, petitioner will be given the opportunity to weigh in on the issue.

Accordingly, IT IS HEREBY ORDERED that within twenty days of the filed date of this order petitioner shall file a response to this order. In that response, petitioner shall state whether or not he feels the Marsden hearing transcript may be filed on the public docket. If petitioner seeks to have the transcript filed under seal, he must explain the bases for that argument.

DATED: April 17, 2023

/s/  DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB prisoner inbox/habeas/S/thom1196.marsden trscrpt seal

---

[1] The Court of Appeal's docket shows that that court granted respondent's request for a copy of the transcript. See https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=2274475&doc_no=C088523&request_token=NiIwLSEmLkw7WyBBSCNdTE9JUDg6UTxbKyBeUzhTQCAgCg%3D%3D